```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                  Plaintiff,  ) | 4:05CR3054 |
|        v.                            ) | |
| ALONSO SOLORIO-GARIBAY,        ) | MEMORANDUM AND ORDER |
|                  Defendant.   ) | |

Defendant has moved for the disclosure of two confidential informants ("CIs"), any inducements provided to them for their testimony, and for an opportunity to interview them. The government opposes the motion. Both sides have requested an evidentiary hearing, the government suggesting such a hearing be held *in camera*.

Defendant is charged with two counts of possession of methamphetamine with intent to deliver and delivery. The charges arose from two "controlled buys" from the defendant at a trailer in Holdrege, Nebraska. No law enforcement officers or other witnesses were present on either occasion. The government states in its brief that law enforcement maintained "audio and visual surveillance" of each transaction, Filing 13, p. 2, but there is no explanation of exactly what is meant by that phrase. In both transactions, no one other than the CIs and the defendant was present. From the statement above, I infer that law enforcement did, however, transmit and record the audio received from a wire transmitter and microphone on the persons of the informants, and that the "visual surveillance" was either by the CI in the trailer, the CI just outside the trailer, and/or other law enforcement officers some distance away, but that there is no

videotape of the transaction.[1]  The recordings, however, were not of good quality, and additional copies were created by law enforcement officers and provided to the defendant's counsel.  No comment is made on the quality of the second recordings.  The government also states in its brief that the CIs are expected to testify at defendant's trial in the government's case in chief.

It is patently clear that the identity of the CIs is material to preparing the defendant's defense.  Roviaro v. United States, 353 U.S. 53 (1957).  These are apparently the *only* percipient witnesses to the events constituting the charges.  Thus, the government's evidence is based entirely on the accuracy of these recordings and the credibility of the CIs.  From the government's statement that the first recordings were "deficient," (Filing 13, p. 2), numerous questions arise, such as, whether the recording devices were properly operated by the CIs; whether the recording devices were turned off, intentionally or unintentionally, during either transaction; whether the recording devices were properly located on the CIs' persons before and during the transactions; and whether the CIs somehow signaled or otherwise communicated with the defendant in a non-verbal way before or during the transactions.  In addition, of course, are the usual questions of the CIs' motivations for testifying, i.e. plea agreements or other inducements, or potential rewards to the CIs if defendant is convicted; past criminal records; prior statements made by the CIs, their mental competency to testify truthfully; and others as well.

---

[1] If these inferences on my part are not correct, I will expect counsel to correct them by providing evidence of what -- exactly -- was meant by the quoted phrase in the government's brief.  As this is the only "fact" in issue regarding the disclosure, I see no reason to convene an evidentiary hearing on the matter.

On the other hand, the government offers as its reason for not disclosing the CIs only the following: "general concerns of law enforcement with the safety of the cooperators." Filing 13, p. 1. Nothing has been filed explaining what this phrase may mean in reality. Have the CIs been threatened? Where are the CIs? Since defendant is detained, how is it feared that he would harm the CIs if their identities were known by him? Are the CIs still working for law enforcement in undercover capacities? Are they involved in other cases in which the "target" individuals have threatened them? According to the pretrial services report in the case, defendant has no prior record of violence, and little criminal history at all. Although the government requests an evidentiary hearing, it does not state that any answers to these questions would be presented in the evidence; the government had the opportunity to file evidence in opposition to the motion, under seal if appropriate, and none has been filed. NECrimR 12.3(b). Its request for a hearing is couched only "to determine what protective order would be appropriate under these circumstances." Filing 13, p. 4. No evidence is proposed going to the actual disclosure issue. If mere "general [safety] concerns" were sufficient to keep from a defendant the identity of the government's witnesses, the language in the Sixth Amendment requiring that a defendant "be confronted with the witnesses against him" would be honored more in the breach than by compliance. The government's arguments against disclosure have no merit, and the information requested by the defendant will be ordered produced.

However, because of the lack of information before the court regarding the "safety" issue, and from an abundance of caution, I shall delay ordering the actual disclosure until counsel have conferred regarding any protective measures that they can agree

are appropriate.  If they are unable to agree, I shall then again consider the government's request for a hearing.

    IT THEREFORE HEREBY IS ORDERED,

    1.  Defendant's motion, filing 10, is granted, and the government shall disclose all information sought by the motion, in accordance with the procedures below:

>   a.  Counsel shall confer regarding any protective measures that should be adopted by the court respecting producing the information and disclosures.  If they agree, they shall prepare an order granting relief in accordance with their agreement and present that order to the undersigned.
>
>   b.  If they are unable to agree, each is given until the close of business July 13, 2005 to file a brief regarding the subjects of their disagreements.  These briefs shall be filed **under seal**.

    2.  This case is removed from the trial calendar for July 5, 2005.  Trial will be rescheduled following the completion of the disclosures described herein as ordered.

    DATED this 29th day of June, 2005.

                                   BY THE COURT:

                               s/ *David L. Piester*
                               David L. Piester
                               United States Magistrate Judge